IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF ALLIED ASSOCIATES COMMERICIAL FLOORS INC., | § § § § | |
| *Plaintiff*, | § | Civil Action No.  SA-13-CV-0897 |
| v. | § § § | |
| FARR BUILDERS INC., and INTERNATIONAL FIDELITY INSURANCE CO. *Defendants*. | § § § § | |

**ORDER**

On this date, the Court considered its jurisdiction over the case. Plaintiff is ORDERED to show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction.

**BACKGROUND**

This lawsuit arises out of a payment dispute pertaining to a work performed on a government contract. Defendant Farr Builders Inc. ("Farr") was the prime contractor for a building construction contract at Lackland Air Force Base. Farr subcontracted some of its flooring requirements to Plaintiff Allied Associates Commercial Floors Inc., ("Allied"). It is undisputed the building project experienced some difficulties, although the parties disagree over who was at fault. Allied alleges that, over the course of the project, it received several oral instructions from Farr to conduct additional work on the project that was not included in the original contract. Allied further claims that they completed this work and submitted change orders to Farr for any additional cost incurred that was not covered by Allied's

warranties. The project was completed sometime in the Fall of 2012. Allied alleges that it was never paid for this additional work. On September 27, 2013, Allied filed an original complaint in this Court. Doc. No. 1. The complaint alleges a cause of action under the Miller Act,[1] as well as pendant state law claims. On November 13, 2013, Farr filed a motion to dismiss contending that the applicable one-year statute of limitations period had elapsed. Doc. No. 2.

## DISCUSSION

1. *Allied's Amended Complaint:*

On December 3, 2013, Allied filed a document styled "First Amended Petition." Doc. No. 3. Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its complaint once as a matter of course within 21 days of filing. FED. R. CIV. P. 15. Amendments outside of the 21-day period require the written consent of the opposing party or leave of court. *Id.* Plaintiff's amended complaint was filed more than 21 days after the original complaint was filed and Plaintiff did not obtain Defendants' consent or leave of Court. Nevertheless, the Rules mandate that the Court grant leave to amend freely "when justice so requires." *Id.* Accordingly, the Court liberally construes Plaintiff's Amended Complaint as a motion for leave to amend, and GRANTS the motion.

2. *Farr's Rule 12(b)(1) Motion:*

Farr has filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Doc. No. 6. Farr contends that this Court does not have subject matter jurisdiction because Allied's Miller Act claim is barred by the statute of limitations. Case law indicates that the

---

[1] The Miller Act (30 U.S.C. § 3133 et seq.) provides a private cause of action for anyone supplying labor or materials to certain government contracts.

statute of limitations in Miller Act claims is jurisdictional. *U.S. for Use and Benefit of Harvey Gulf, Intl' Marine, Inc., v. Maryland Cas. Co.*, 573 F.2d 245, 247 (5th Cir. 1978); *U.S. ex rel. United Rentals, Inc. v. Hartford Fire Ins. Co.*, 339 F. Supp. 2d 799, 802 (W.D. Tex. 2004) ("Those circuits that have considered the question have uniformly regarded the one-year filing requirement as a jurisdictional limitation on the substantive rights conferred by the Miller Act."). Therefore, this Court does not have subject matter jurisdiction over Miller Act claims that are untimely.[2]

As the party seeking to invoke this Court's jurisdiction, Allied bears the burden of establishing jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Unlike in a 12(b)(6) motion to dismiss, the Court is not obligated to accept the facts alleged in the complaint as true. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (District court is empowered to consider matters of fact which may be in dispute when addressing a 12(b)(1) motion). To determine whether jurisdiction is proper, the Court has discretion to review the following sources: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d. at 161 (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996)). Finally, the Court should grant the motion "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

---

[2] If the Miller Act claim fails, then there is no federal cause of action on which Allied can ground its supplemental state law claims.

The Miller Act provides that a case must be filed "no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C. § 3133(b)(4).  Therefore, Allied's claim accrued on the last day that it performed labor or provided materials on its sub-contract with Farr.  This is a factual inquiry that the Court must resolve before it can be assured that subject matter jurisdiction exists.

Farr contends that the evidence shows that the project was completed on or before September 26, 2012.  Doc. No. 6.  If this is the case, then Allied's claim would have accrued on that date and expired on September 27, 2013.  Allied alleges that, after receiving requests from Farr, its employees "returned to the project to provide materials and labor during the last few days of September and the beginning of October of 2012." Doc. No. 3, citing Ex. O.

Plaintiff's exhibit O consists of a string of emails between Farr and Allied from September 27, 2012.  At 7:42 A.M. Farr emailed Allied with several "punch list items," or items that needed to be completed before the project was finished.  Allied responded at 10:49 A.M. asking for more information and stating its intention to take care of the "punch list." tasks.  Notably, in this email Allied reminded Farr that "our crew walked the job before leaving yesterday and all was approved." Doc. No. 3, Ex. O at 22.  This suggests that Allied at least thought the job was complete when its crew left on September 26, 2012.  At 12:43 P.M. Farr responded noting that Allied had neglected to carpet an entire room. With respect to future tasks, Farr's project superintendent promised to "get a detailed list with room numbers and exact locations of pending items that need to be addressed. *A print out will be provided when your crew arrives.*" *Id.* (emphasis added).

The evidence shows that Farr expected Allied to return to the site to provide labor and materials at some point after September 27.  However, there is no evidence in the record as to when (if at all), Allied's crew actually returned to the job.  This information is necessary for the Court to determine whether the case was timely filed and that jurisdiction exists.  At this point, Allied has not met its burden of establishing that it provided labor or material within the limitations period.  For a case filed on September 30, 2013, to be timely, the claim must have accrued no earlier than September 29, 2012.  Since the Miller Act statute of limitations is jurisdictional, this Court only has jurisdiction if Allied provided labor or material at some point after September 29, 2012.  There is no evidence in the record to support that this actually occurred.  Accordingly, Plaintiff is ORDERED to show cause in writing on or before January 6, 2014, that labor was performed or material delivered on the project after September 29, 2012.

## CONCLUSION

Allied is ORDERED to show cause in writing on or before <u>January 6, 2014</u>, why this case should not be dismissed as untimely.  Specifically, Allied must produce evidence showing that labor was performed or material delivered on its project with Farr after September 29, 2012.  <u>Failure to do so could lead to this case being dismissed</u>.

SIGNED this 12th day of December, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE