IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF ALLIED ASSOCIATES COMMERICIAL FLOORS INC., | § § § § | |
| *Plaintiff*, | § | Civil Action No.  SA-13-CV-0897 |
| | § | |
| v. | § | |
| | § | |
| FARR BUILDERS INC., and INTERNATIONAL FIDELITY INSURANCE CO. | § § § | |
| *Defendants*. | § | |

**ORDER**

On this date, the Court considered Defendants' motion to dismiss. Doc. No. 6.   After careful consideration, the motion is DENIED.

**BACKGROUND**

This lawsuit arises out of a payment dispute pertaining to work performed on a government contract.  Defendant Farr Builders Inc. ("Farr") was the prime contractor for a building construction contract at Lackland Air Force Base in San Antonio, Texas.  Farr subcontracted some of its flooring requirements to Plaintiff Allied Associates Commercial Floors Inc., ("Allied").  Allied alleges that, over the course of the project, it received several oral instructions from Farr to conduct additional work on the project that were not accounted for in the original contract.  Allied further claims that they completed the work and submitted change orders to Farr for the additional costs it incurred.  The project was completed sometime in the Fall of 2012.  Allied alleges that it was never paid for its additional work.  On September 30, 2013, Allied filed an original complaint in this Court. Doc. No. 1.   The

1

complaint alleges a cause of action under the Miller Act,[1] as well as supplemental state law claims. Allied claims Farr owes it $82,539.25 from the seven change orders that the parties entered into during the course of the contractual relationship.

On November 13, 2013, Farr filed a motion to dismiss contending that the applicable one year statute of limitations period had elapsed. Doc. No. 2. On December 3, 2013, Plaintiff filed an Amended Complaint. Doc. No. 3. The Court thereafter ordered Plaintiff to show cause why the case should not be dismissed as untimely. Doc. No. 7. In response, Allied produced several affidavits that indicated that it worked on the project within the filing period. Doc No. 8. Defendants responded by arguing that this work merely constituted repairs or warranty work on the original contract, and therefore did not toll limitations. Doc. No. 9. On January 21, 2014, the Court held a hearing on this motion.

## DISCUSSION

Farr contends that this Court does not have subject matter jurisdiction because Allied's claim is barred by the statute of limitations. The Miller Act provides that a case must be filed "no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C. § 3133(b)(4). Allied's claim accrued on the last day that it performed labor or provided materials on its contract with Farr. A claim filed on September 30, 2013, would be timely if it accrued no later than September 29, 2012. Case law indicates that the statute of limitations in Miller Act claims is jurisdictional. *U.S. for Use and Benefit of Harvey Gulf, Intl' Marine, Inc., v. Maryland Cas. Co.*, 573 F.2d 245, 247 (5th Cir. 1978); *U.S. ex rel. United Rentals, Inc. v. Hartford Fire Ins.*

---

[1] The Miller Act (30 U.S.C. § 3133 et seq.) provides a private cause of action for anyone supplying labor or materials to certain government contracts.

*Co.*, 339 F. Supp. 2d 799, 802 (W.D. Tex. 2004).   Therefore, this Court lacks subject matter jurisdiction over Miller Act claims that are untimely.  Allied bears the burden of establishing that it provided labor or materials on the project after September 29, 2012. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (party seeking to invoke court's jurisdiction has burden of establishing subject matter jurisdiction).

After additional briefing and a hearing on the matter, it appears that Allied performed some labor within the filing period between October 1 and October 3.  However, it is well settled under the Miller Act that "correcting defects in prior work" does not toll limitations under the Miller Act. *Gen. Ins. Co. of Am. v. U.S. for Use of Audley Moore & Son*, 406 F.2d 442, 443 (5th Cir. 1969); *United States v. Int'l Fid. Ins. Co.*, 200 F.3d 456, 461 (6th Cir. 2000). The dispositive inquiry focuses on the qualitative nature of the work Allied was doing on the original contract within the filing period.  If Allied was merely making repairs or correcting defects, the case would be barred by limitations.  In contrast, if Allied was performing non-repair work under the original contract (hereinafter referred to as "primary work"), its Miller Act claim would have accrued on October 3, 2012, and consequently be timely.

At the hearing, Allied asserted that it provided labor on both change order 5 and the original contract within the filing period.  Stephen Demory, President of Allied, testified that he provided labor on change order 5 on October 1, 2, and 3, and on the original contract on October 3.  He testified that he patched the gaps in the improperly demoed floor as was required by change order 5.  Doc. 1, Ex. 2.  In addition, and crucially for the purposes of the limitations analysis, Mr. Demory testified that on October 3 he continued the completion of the flooring and caulking.  Although counsel's line of questioning did not make this clear,

subsequent testimony established that this work was part of Allied's original contractual obligations.

Farr contends that any work performed after the government accepted the prime contract as complete on September 29, 2012, was, as a matter of law, warranty or repair work such that it would not toll limitations. This broad statement of the law runs contrary to the Fifth Circuit's instruction that, when assessing the line between primary work and repair work, "each case must be judged on its own facts, and ... sweeping rules about 'repairs' offer little help in the necessary analysis." *Johnson Serv. Co. v. Transamerica Ins. Co.*, 485 F.2d 164, 173 (5th Cir. 1973). When determining what constitutes primary contract work and what constitutes a repair, the Eleventh Circuit has found the following factors relevant: (1) the original contract specifications, (2) the unexpected nature of the work, (3) the value of the materials; and (4) the importance of the material/labor to the overall project. *S. Steel Co., Inc. v. United Pac. Ins. Co.*, 935 F.2d 1201, 1205 (11th Cir. 1991) (citing *United States ex rel. Georgia Elec. Supply Co. v. United States Fidelity & Guar. Co.*, 656 F.2d 993, 996 (5th Cir. 1981).

The original contract obligated Allied to "[d]emo ceramic tile as needed" as well as "provide and install new ceramic tile as needed." Doc. No. 1, Ex. B at ¶ 9,10. With regard to his work on the original contract, Mr. Demory testified that he was "continuing the completion of the flooring [and] caulking," and that his subcontractor was removing the grout haze from the tile. Mr. Demory subsequently testified that the removal of the grout haze and cleaning the tile is part of the overall installation process, and is thus not merely a cosmetic touch up or repair. Given the close alignment between what the original contract required and the labor

4

Allied provided on October 3, it appears that Allied was providing labor on the original contract.

The need for additional work to be done on the project (change order 5) appears to have been attributable to another party, either Farr or another subcontractor. Allied did not initially expect to have to do this work. *See, Johnson Serv. Co.*, 485 F.2d at 174 (finding that fixing unexpected defects caused by another party constituted primary work and not repairs). While the value of the labor provided on October 3 may have been small when compared to the overall subcontract, it is also important that the labor Allied performed that day appears to have been necessary to the overall completion of the project. *See, Trinity Universal Ins. Co. v. Girdner*, 379 F.2d 317, 318 (5th Cir. 1967) (per curiam) (finding that replacement of pipe was not a "repair" because it was necessary for completion of the project). Had Mr. Demory not returned on October 3 to install the ceramic tile, the flooring project would not have been completed. To illustrate, had Allied merely executed change order 5 and patched the gaps in the improperly demoed floor, there would still be no ceramic tile on the floor as was required by the original contract. Therefore, the act of installing the ceramic tile, which testimony indicates occurred within the filing period, was necessary to complete Allied's obligations under the original contract.

Notably, in *Trinity Universal*, the Fifth Circuit found it important that "[t]here is no contention that this work was a sham to extend the period of limitation." 379 F.2d at 318. Likewise, in this case, there is no evidence that Allied returned to the job on October 3 with the intent of extending limitations. The rule that repairs do no toll limitations is grounded in the logic that the industry practice of providing long warranty periods would frustrate the

purpose of granting repose if a party could bring a suit years after the main work on project had been completed so long as they had provided some minor repair. *Int'l Fid. Ins. Co.*, 200 F.3d at 461. Here, that concern is not applicable because Allied's activities within the filing period do not appear to be warranty work but instead primary work on the contract. Accordingly, Allied has met its burden of showing that it provided labor on the original contract within the filing period.

## CONCLUSION

In light of the foregoing analysis, Farr's motion to dismiss for lack of subject matter jurisdiction is DENIED. Doc. No. 6.

SIGNED this 23rd day of January, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE